IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARK L. MEYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-3282-CV-S-RED |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Mark Meyer ("Plaintiff") seeks judicial review of the Commissioner's denial of his request for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, as amended and his request for disability insurance benefits under Title II, 42 U.S.C.§ 401 *et seq.* Plaintiff has exhausted all of his administrative remedies, and therefore, pursuant to Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

## I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the ALJ's decision within the administrative record fully sets forth his findings and such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is

Case 6:05-cv-03282-RED   Document 13   Filed 06/19/06   Page 2 of 8

comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff argues that the ALJ committed four errors. First, that the ALJ failed to find Plaintiff's dizziness/vertigo was not a "severe" impairment. Second, that the ALJ failed to properly evaluate Plaintiff's credibility. Third, that the ALJ failed to afford proper weight to the opinion of Dr. Wren, M.D. Finally, Plaintiff contends that the ALJ erred because new evidence submitted to the Appeals Council was not properly considered. The Court will consider each of these arguments separately below.

*A. "Severe" Impairments*

Plaintiff first argues that the ALJ erred because Plaintiff's dizziness/vertigo was not found to be a "severe" impairment. The record establishes that Plaintiff continued to work for 15 years after the onset of his dizziness/vertigo. Seeking work or continuing to work demonstrates that a

disability is not severe, especially if there is no significant deterioration in the impairment since its onset. *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003); *Black v. Apfel*, 143 F.3d 383 (8th Cir. 1998). Moreover, the record shows that Plaintiff did not follow through with his treating physicians' recommendation to return to physical therapy. Failure to follow a recommended course of treatment is demonstrative of a lack of a severe impairment. *See, e.g., Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001). Thus, the ALJ's decision that Plaintiff's vertigo/dizziness was not a severe impairment is supported by the record as a whole.

### *B. Plaintiff's Credibility*

Plaintiff also argues that the ALJ did not properly consider his subjective allegations under 20 C.F.R. § 404.1529 and *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). The burden of deciding questions of fact, including the credibility of a plaintiff's subjective testimony, rests with the Commissioner. *See Benskin*, 830 F.2d at 882. Generally, the ALJ is in a better position than the Court to determine credibility. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). When an ALJ assesses a claimant's subjective complaints relating to nonexertional impairments, the claimant must prove, on the record as a whole, that the disabling impairment results from a medically determinable physical or mental impairment. *See* 20 C.F.R. §§ 404.1529, 416.929 (2004). However, the claimant need not produce direct medical evidence of the cause and effect relationship between the impairment and the degree of the claimant's subjective complaints. *See Polaski,* 739 F.2d at 1322. Accordingly, when making a disability determination, the adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them. *See id.* However, the adjudicator may discount the complaints by considering the claimant's prior work record and observations by third parties and physicians relating to such matters as: (1) the

-4-

claimant's daily activities; (2) the duration, frequency, and intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See Melton v. Apfel*, 181 F.3d 939, 941 (8th Cir. 1999); *Polaski*, 739 F.2d at 1322.

In evaluating the *Polaski* factors, the Eighth Circuit has advised that the primary question is not whether the claimant actually experiences the subjective complaints alleged, but whether those symptoms are credible to the extent that they prevent the claimant from performing substantial gainful activity. *See Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998); *McGinnis v. Chater*, 74 F.3d 873, 874 (8th Cir. 1996); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993); *Pickner v. Sullivan*, 985 F.2d 401, 404 (8th Cir. 1993). An ALJ may discount a claimant's subjective complaints only if there are inconsistencies in the record as a whole.

Plaintiff in the case at bar testified he is unable to work due to pain. (Tr. 21) However, no physician stated that Plaintiff was unable to work due to pain. Dr. Harbach reinforced a non-operative treatment protocol and referred Plaintiff back to Dr. Pak, a rehabilitation physician, for continued supervision. Dr. Pak state "Heavy physical labor will probably be difficult for the patient and I recommend assessment with vocational rehabilitation." The ALJ interpreted these suggestions as opinions by the physicians that Plaintiff was still able to perform lighter work. (Tr. 24). The Court finds this is a reasonable interpretation of these records. Moreover, the medical records also show that only conservative treatment was recommended, the examinations showed mild to moderate diagnoses, and Plaintiff would fail to follow through with physical therapy recommendations. Moreover, the ALJ considered the Plaintiff's activities of daily living, including responsibility for his eight-year old son, driving, cooking, doing dishes and laundry, cleaning and

-5-

Case 6:05-cv-03282-RED   Document 13   Filed 06/19/06   Page 5 of 8

shopping tasks, as well as the ability to mow his lawn.

Upon review of the record, the Court finds that the ALJ properly discounted Plaintiff's subjective complaints in this case. The ALJ cited clear inconsistencies between Plaintiff's allegations of unrelenting pain and his testimony concerning his daily activities, and the medical records submitted, and these inconsistencies are supported by substantial evidence. *See Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992) ("We will not disturb the decision of an ALJ who seriously considers, but for good reasons explicitly discredits, a claimant's testimony of disabling pain.")

*C. Opinion of Dr. Wren, M.D.*

Plaintiff argues that the ALJ erred in not adopting Dr. Wren's Medical Source Statement in its entirety. Dr. Wren stated that Plaintiff could lift or carry 10 pounds frequently and 20 pounds occasionally, stand or work two to three hours in an eight-hour workday, stand or walk continuously for 20 to 30 minutes in an eight-hour workday, sit five to six hours in an eight-hour workday, sit continuously for 30 to 40 minutes, and engage in unlimited pushing or pulling. Plaintiff could not, she stated, climb, balance, crouch or crawl, and only occasionally stoop, kneel, or reach. She also opined Plaintiff was limited in his ability to see.

The ALJ concluded that Plaintiff could lift 10 pounds frequently and occasionally (more restrictive than Dr. Wren's assessment), sit or stand for one hour at a time and six hours in an eight-hour workday (consistent with Dr. Wren's assessment), and walk for thirty minutes (consistent with Dr. Wren's assessment). Although the ALJ did not adopt Dr. Wren's opinion in its entirety, it is clear that the ALJ credited the opinion in finding that Plaintiff could only work at the sedentary exertional level. Moreover, Dr. Wren only saw the Plaintiff twice, and only performed a cursory

-6-

physical examination of Plaintiff's back. *See*, *Randolph v. Barnhart*, 386 F.3d 835, 840 (8th Cir. 2004) (finding a physician who filled out checklist was not entitled to controlling weight as the physician had only met with the patient on three occasions.) Indeed, Dr. Wren only prescribed a conservative treatment -- anti-inflammatory medication, to Plaintiff. Thus, the record as a whole supports the ALJ's assessment of Dr. Wren's Medical Source Statement.

### D. New Evidence Regarding Plaintiff's Heart Condition

Although not submitted before or at the hearing, Plaintiff submitted medical records to the Appeals Council as evidence that his heart condition should be considered severe for purposes of the disability analysis. These records include an 1994 coronary artery calcification study that revealed the presence of calcium within the right coronary. The treating physician opined this indicated the presence of atherosclerosis. No further treatment regarding Plaintiff's heart condition was noted until ten (10) years later in 2004, when a myocardial scan revealed a mild anterior hypoperfusion. The physician diagnosed atherosclerotic coronary artery disease. However, Plaintiff testified at the hearing in the case at bar that he was not currently being treated for his heart condition.

It is clear that when the Appeals Council reviewed these records, it denied review. Thus, Plaintiff's argument that the Appeals Council was required to evaluate the medical records as though they were submitted to the ALJ and opine what impact they have on the ALJ's decision is misplaced. There is substantial evidence in the record, beyond the already mentioned lack of treatment, to support that the additional medical records do not change the ALJ's determination that Plaintiff's heart condition was not a severe impairment. The only evidence in the record, including the newly submitted evidence, showing any restriction on Plaintiff's ability to work due to his heart

condition is his assertion that he has had weekly chest pains associated with his heart condition for roughly ten years. However, it is clear from the record that Plaintiff worked full-time during some of this ten year time period. Plaintiff points to no evidence that his heart condition has become more severe. Accordingly, the ALJ's determination that Plaintiff's heart condition was not severe is supported by the record as a whole.

## III. CONCLUSION

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby

ORDERED that the decision of the ALJ is **AFFIRMED.**

DATE: June 16, 2006         */s/ Richard E. Dorr*
                            RICHARD E. DORR, JUDGE
                            UNITED STATES DISTRICT COURT